UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICENTE GONZALES,                         : | |
|         Plaintiff,                        : | |
| v.                                        : | Civil Action No.: |
|                                           : | 3:13-cv-01565-JCH |
| THE EAGLE LEASING COMPANY                 : | |
|         Defendant.                        : | December 22, 2014 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFNEDANT'S MOTION TO COMPEL DISCOVERY COMPLIANCE**

Pursuant to Federal Rule of Civil Procedure 37 and D. Conn. L. Civ. P. Rule 37 (b)(1), the defendant, The Eagle Leasing Company ("Eagle Leasing"), by its attorneys, Halloran & Sage LLP, submits this Memorandum of Law in support of the defendant's Motion to Compel Discovery and for an Extension of the Discovery Deadline.

The plaintiff's Amended Complaint purports to allege three causes of action, namely: (1) a violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e ("Title VII") (Amend. Comp., Count 1); and common law claims for (2) Negligent Supervision (Id. at Count 2); and (3) Intentional Infliction of Emotional Distress (Id. at Court 3). On September 25, 2014, the court granted Eagle Leasing's Motion to Dismiss the Second Count sounding in Negligent Supervision. To date, the plaintiff has not re-pleaded his Amended Complaint in light of the court's decision on the Motion to Dismiss. As a result of Eagle Leasing's alleged

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

conduct, the plaintiff alleges that he has suffered adverse effects upon his mental and physical health, economic loss and emotional distress.

Since discovery commenced in this matter, the plaintiff has failed to meet the deadlines set by this court in its Scheduling Order Regarding Case Management Plan, dated November 26, 2013, despite the defendant's requests and good faith efforts to obtain compliance. As of the filing of this Motion, the plaintiff has still failed to fully and fairly comply with Interrogatories and Request for Production, dated January 27, 2014. To date, the plaintiff has failed to fairly comply with Interrogatory ## 1, 3-6, 8 and 9 and Request for Production #10. The plaintiff has not filed any objections to those discovery requests, and answers to them are long overdue.

The defendant seeks the assistance of this court to obtain the plaintiff's compliance with the court's order and the discovery rules, and to order the plaintiff to respond to said discovery. As outlined, infra, the defendant also requests that the court extend the discovery deadline to 60 days to ensure sufficient time to complete discovery.

On January 27, 2014, the defendant served the plaintiff with Interrogatories and Requests for Production (the "Requests"). As a result, responses to the interrogatories and requests for production were due by February 26, 2014. To date, the plaintiff has failed to fairly comply with Interrogatory ## 1, 3-6, 8 and 9 and Request for Production #10.

- 2 -

HALLORAN
& SAGE LLP

315 Post Road West
Westport, CT 06880

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

Based upon the foregoing, counsel for the defendant has unsuccessfully conferred and/or attempted to confer with plaintiff's counsel regarding plaintiff's failure to comply with any of said Interrogatories and Requests for Production and intervention is need from the court. (See Exhibit A – Affidavit of Attorney Thomas E. Brennan).

## I. ARGUMENT

### A. The information the defendant seeks through its discovery requests are proper subjects of discovery.

1. *Standard for Discovery.*

The general scope of discovery is defined by Rule 26 of the Federal Rules of Civil Procedure, which states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to any party's claim or defense …. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). A district court has broad discretion to manage pre-trial discovery. See Wood v. FBI, 432 F.3d 78, 84 (2d Cir. 2005). Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Under Federal Rule of Civil Procedure 26(b)(1), "'relevance'" has been construed broadly to include "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Sedona Corp. v. Open Solutions, Inc., 249

- 3 -

HALLORAN
& SAGE LLP

315 Post Road West
Westport, CT 06880

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

F.R.D. 19, 21 (D. Conn. 2008). Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery. See Duval Steel Prods v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); see also Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (Rule 26 allows for the discovery of "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.").

Rule 37(a)(1) provides, in pertinent part:

> On notice to other parties and all affected persons, a party may move for an order compelling discovery or disclosure. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1). The defendant has certified that it has in good faith conferred with plaintiff's counsel regarding the plaintiff's failure to fully and fairly comply with the Interrogatories and Request for Production, supra. (See Exhibit A – Affid. of Attorney Thomas E. Brennan).

> 2. The plaintiff has waived his objections with respect to all of the defendant's Interrogatories and Requests for Production since he chose not to object and should be ordered to produce the information sought.

As an initial matter, the plaintiff did not object to any of the defendant's discovery requests. See, e.g., Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 12 (1st Cir. 1991) ("If the responding party fails to make a timely objection . . . he may be held to have waived any or all of his objections."); Adams v. Cavanaugh Communities Corp., No. 81

- 4 -

HALLORAN
& SAGE LLP

315 Post Road West
Westport, CT 06880

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

c 7332, 1988 WL 64097, at *2-3 (N.D. Ill. June 13, 1988) ("Generally, the failure to object to a discovery request within the time provided by the Federal Rules constitutes a waiver of any objection . . . ."). Consequently, the plaintiff should be ordered to produce the information sought.

> 3. The defendant is entitled to certain information on the plaintiff's fact witnesses.

INTERROGATORY NO. 1: State the name, residential address, business address and telephone number of each individual likely to have discoverable information – along with separate and specific descriptions by individual of that information – that the plaintiff may use to support his claims.

PLAINTIFF'S ANSWER: Ronmel Yepez; Calisto Yepez; Eduardo Yepez; Leodan Yepez; Jose A. Sanchez; Vicente Gonzales; Antonio Vasquez; Fernando Morales; Ruben Moran; Claudio Castillo; Carlos Baez.

All of the listed witnesses are current or former employees of the defendant and as such the Defendant has the contact information for the above referenced witnesses in their records.

The plaintiff has not fairly and fully complied with the interrogatory as he has not provided the current address and telephone numbers of the individuals. Some of the above individuals no longer work for Eagle Leasing. Further, the plaintiff makes no effort whatever to state the specific description of what each individual has to offer in support of the plaintiff's claims.

The court should order full and fair compliance with Interrogatory #1 because it is reasonable in scope and obviously calculated to lead to the discovery of relevant information. In any case, as previously explained, the

HALLORAN & SAGE LLP
315 Post Road West
Westport, CT 06880
Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

plaintiff must respond in full to the defendant's discovery requests as he has waived any objection to the requests.

> 4. The defendant is entitled to the names and addresses of any experts contacted or retained by the plaintiff for purposes of this litigation.

The defendant seeks a responsive answer to its discovery request regarding the names and addresses of any experts contacted or retained by the plaintiff for purposes of this litigation. The defendant discovery request is as follows:

> INTERROGATORY NO. 3: State the names and addresses of any and all experts contacted and/or retained by you for purposes of this litigation, stating that expert's areas of expertise. State whether you intend to call any such expert(s) as a trail witness. If any expert whose opinion may be presented at trial has provided you an oral report(s), state the contents of such oral report(s) in full.
>
> ANSWER: Expert witnesses, if any, will be disclosed in accordance with the Federal Rules of Civil Procedure and other rules of court.

The plaintiff's answer to the interrogatory is nonresponsive. The interrogatory above is reasonable in scope and calculated to lead to discovery of relevant information. Moreover, Rule 26(a)(2) of the Federal Rules of Civil Procedure requires the plaintiff to "disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." In fact, in the parties' Joint Rule 16 Status Report, which was approved by the court, the plaintiff represented that he would disclose any expert witness by October 1, 2014. In any case, as previously explained, the plaintiff must respond in full to the defendant's

- 6 -

HALLORAN
& SAGE LLP

315 Post Road West
Westport, CT 06880

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

discovery requests as he has waived his objections to those requests. Consequently, the court should order the plaintiff to respond to Interrogatory #3.

> 5. *The defendant is entitled to know the plaintiff's job history since January 1, 2000.*

The defendant has neglected to answer Interrogatory #4 and #5, omitting large portions of his employment history to wit:

> INTERROGATORY NO. 4:   Please state what jobs you have held or services you have rendered since January 1, 2000.
>
> ANSWER: Eagle Leasing Company, laborer
>
> INTERROGATORY NO. 5:   For each such job or service rendered identified in your response to Interrogatory No. 4, state with particularity:
>
> a.   The address and telephone of the employer or the person or entity for whom services were rendered;
> b.   The position(s) you held or the type of service rendered and the date(s) you held such position(s) or rendered such service;
> c.   If you no longer hold such position(s) or render such service(s), the reason for the termination of the position(s) or for the termination of the rendering of service.
>
> ANSWER: Eagle Leasing Company, 1 Irving Eagle Place. Orange, CT 06477. Manuel Fernandez, General Manager, (203) 795-5661. Trailer Mechanic and paint shop employee. November 2010 – September 20, 2012.

The most obvious problem with the plaintiff's answer to Interrogatory #4 is that he only lists Eagle Leasing has an employer since January 1, 2000. However, as he himself acknowledges in his answer to Interrogatory #5, the plaintiff only worked at Eagle Leasing from November 2010 to September 20, 2012. Further, it is clear from the

- 7 -

315 Post Road West
Westport, CT  06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

plaintiff's deposition testimony that he held jobs both before and after his employment with Eagle Leasing.

The defendant is entitled to discover information concerning the plaintiff's prior and subsequent employment, including his personnel files from those employers, and his educational records to test his qualifications and representations and to develop after-acquired evidence of wrongdoing, which can limit the plaintiff's remedy if not preclude it altogether. See, e.g., McKennon v. Nashville Banner Publishing Co., 513 U.S. 352, 362-363 (1995). The after-acquired evidence doctrine concerns employee misconduct discovered during litigation, usually months after the adverse employment decision at the heart of the litigation was made. See Sheehan v. Donlen Corp., 173 F.3d 1039, 1047-1048 (7th Cir.1999) (applying McKennon to lying on a job application); Wallace v. Dunn Construction Co., 62 F.3d 374, 378-379 (11th Cir. 1995) (en banc) (same).

The plaintiff's performance at his prior and subsequent employers and his salary and benefits information are also discoverable for a number of reasons. First, the plaintiff's prior and subsequent performance may reveal information on the credibility of his representations concerning his qualifications, skills and abilities. See Richmond v. UPS Serv. Parts Logistics, No. IP01–1412–C–K/H, 2002 WL 745588, at *11 (S.D. Ind. Apr. 25, 2002) (holding defendant was entitled to all employment applications, resumes, evaluations, reprimands and other documents referencing disciplinary action to determine whether plaintiff was untruthful about his qualifications and prior discipline,

- 8 -

HALLORAN
& SAGE LLP

315 Post Road West
Westport, CT  06880

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

"all of which are relevant to plaintiff's credibility"); see also Alberts v. Wheeling Jesuit Univ., No. 5:09-CV-109, 2010 WL 1539852 (N.D. W.Va. Apr. 19, 2010) (noting that because "Plaintiff's allegations all originate from Defendant's employment actions," "under the liberal discovery standards, Plaintiff's prior employment records are relevant to the case at bar."). Further, documents concerning the plaintiff's pay and benefits he received from his current and prior employers may provide useful information related to the plaintiff's claim for damages.

By not identifying his employers prior and subsequent to the defendant, the plaintiff has prohibited the defendant from subpoenaing the plaintiff's personnel files from them. By not providing authorizations, the plaintiff seeks to completely stymie the defendant's efforts to obtain information relevant to issues that go to the very heart of the plaintiff's claims. Further, as previously explained the plaintiff must respond in full to the defendant's discovery requests as he has waived his objections to those requests. Consequently, the court should enter an order compelling the plaintiff to respond to Interrogatory ## 4 and 5 and Request for Production #13 so that the defendant may obtain the plaintiff's personnel files from his current and former employers. See Smith v. Longansport Cmty. Sch. Corp., 139 F.R.D. 637, 649 (N.D. Ind. 1991) (noting that obtaining written consents for the release of records is the least expensive and most efficient means of obtaining plaintiff's personnel files).

- 9 -

HALLORAN
& SAGE LLP

315 Post Road West
Westport, CT 06880

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

Furthermore, as previously explained, the plaintiff must respond in full to the defendant's discovery requests as he has waived his objections to those requests and, consequently, the court should order the plaintiff to respond to Interrogatory ## 4 and 5.

6. *The court should order the plaintiff to produce documents concerning his damages and execute an IRS taxpayer authorization because the defendant is entitled to discover information about the plaintiff's damages and income.*

The defendant seeks responses to its discovery requests regarding the plaintiff's damages and income, including the plaintiff's annual income since January 1, 2006, federal income tax returns since June 2011, and information concerning his efforts to obtain employment since September 20, 2012. The purpose of the discovery requests identified above is to obtain from the plaintiff information related to his claim for damages and any inability to secure alternate employment.

The defendant's discovery requests are as follows:

INTERROGATORY NO. 6:  State all income you have received since January 1, 2006 including the source of such income and the date you received it.

ANSWER:  My income was derived from my employment.

INTERROGATORY NO. 8:  State what efforts you have made to obtain other employment since September 20, 2011.  Include in your answer the dates you made such efforts and the result of such efforts.  If you do not know the actual dates you made such efforts, provide approximate dates.

ANSWER:  I have sought out every potential employment opportunity that I could find through friends and by walking in and inquiring at business [sic] if they have an open position.

HALLORAN
& SAGE LLP

315 Post Road West
Westport, CT  06880

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

INTERROGATORY NO. 9: Provide a detailed calculation of all damages you are seeking. If you are seeking relief other than damages, describe such other relief.

ANSWER: I have lost wages as follows: I was paid for an average 40 hours per week at $9.50 per hour for a total of $380.00 per week. I also worked an average of 17 hours per week in overtime at the rate of $14.25 per hour for a total of 242.25 per week in overtime. My gross weekly wage was $622.25 per week. I have been out of work for 76 weeks so far at a loss of $622.25 per week[;] total lost wages is $47,291.00 and counting.

REQUEST FOR PRODUCTION NO.10.: Copies of all documents concerning any income you have received since June 2011, including but not limited to, your pay stubs, W-2 and 1099 forms, and federal income tax returns. In addition, please execute the IRS Taxpayer Form attached hereto as Exhibit A.

RESPONSE: See attached Exhibit D.

The plaintiff has either outright failed to answer the above requests, or has provided incomplete answers. The plaintiff's answer to Interrogatory #6 is ignores the interrogatory. According to the defendant's employment records, the plaintiff's employment began on or about December 14, 2009 and ended on September 20, 2012. He should state his annual income for the time in which he worked for the defendant because he could have had other income sources other than his work at the defendant. Also, the plaintiff needs to state his annual income from January 1, 2006 to December 14, 2009 as well as from September 20, 2012 to the present. Discovery has revealed that the plaintiff became employed again after his termination from the defendant. Since the plaintiff obtained employment after his termination from the defendant, he obviously

- 11 -
HALLORAN
& SAGE LLP
315 Post Road West
Westport, CT 06880
Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

needs to update his compliance with Interrogatory #9.  Also, the plaintiff's damage analysis was due on October 1, 2014, which damage analysis has still not been provided.

The plaintiff attempted to comply with Request for Production #10 in that he provided a partially complete Form 4506.  As explained in an email to plaintiff's counsel, the IRS rejected the Form 4506 because the plaintiff left incomplete lines 3-5 of the form.  (Ex. A – Affid. of Attorney Brennan).  Despite requesting a properly executed Form 4506 in the email on August 27, 2014, the defendant has not received said form to date.

Courts have consistently held that the information requested in the above discovery is both relevant and discoverable.  For instance, tax returns must be disclosed where, as here, the plaintiff claims damages and lost earnings.  Tax returns are the base upon which the claimed subsequent loss is computed.  See Alberts, 2010 WL 1539852, at *27 (tax returns are relevant since "[o]ne of the purposes of an award under Title VII is to make a person whole for injuries caused by the illegal employment discrimination.") (internal citations omitted); see also Bennett v. Emerson Tool Co., No. CIV. A. 00–2335, 2001 WL 1155301 (D. Kan. 2001) (granting defendant's motion to compel plaintiff's last five years of tax returns); Dewitt v. Lieberman, No. 97 Civ. 4651, 1998 WL 336651 (S.D.N.Y. June 22, 1998) (ordering pro se plaintiff to sign tax return authorization for

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

defendant); Hilt v. SFC, Inc., 170 F.R.D. 182, 189 (D. Kan. 1997) (ordering disclosure of tax returns where plaintiff sought back and front pay); Smith Bader, 83F.R.D. 437 (S.D.N.Y. 1979) (granting defendant's Rule 37(a) motion to compel production of tax returns).

Further, the plaintiff's efforts to find alternative employment are relevant to whether the plaintiff has satisfied his obligation to mitigate his damages and are, therefore, proper subjects of discovery. See Stoldi v. Centurion Indus., Inc., No. 03–2634, 2005 WL 375667 (D. Kan. Feb. 3, 2005) (noting that employment job search information is relevant to issues of damages and mitigation where claims of employment discrimination have been asserted).

Moreover, as previously noted, the plaintiff must respond in full to the defendant's discovery requests as he has waived his objections to these requests. Consequently, the court should order the plaintiff to provide complete responses to Interrogatory ## 6, 8 and 9 and Request for Production #10.

**B. The court should extend the following deadlines by 60 days to accommodate the plaintiff's tardy compliance with the defendant's discovery:**

    a. Disclosure of defendant's expert witnesses: January 30, 2015;

    b. Deadline to depose expert witnesses: April 2, 2015;

    c. Dispositive motion deadline: April 2, 2015; and

    d. Trial Brief due by April 30, 2015.

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

The above extension is necessary to prevent prejudice to the defendant's ability to defend itself against the plaintiff's claims. The additional time is needed to obtain any records responsive to the requested authorizations and/or to subpoena additional documents, and to locate and conduct depositions of witnesses whose deposition may be warranted by the responses obtained to the defendant's outstanding discovery requests.

## IV.   CONCLUSION

For all the foregoing reasons, it is respectfully requested that the Court grant the defendant's, The Eagle Leasing Company's, Motion to Compel.

DEFENDANT,

THE EAGLE LEASING COMPANY

By:   /s/ Thomas E. Brennan
Thomas P. Lambert (CT12823)
Thomas E. Brennan (CT27093
HALLORAN & SAGE, LLP
315 Post Road West
Westport, CT 06880
Tel: 203.227.2855
Fax: 203.227.6992
Email: lambert@halloran-sage.com
         Brennan@hlalloran-sage.com
ITS ATTORNEYS

- 14 -

HALLORAN
& SAGE LLP

315 Post Road West
Westport, CT 06880

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically on this 22nd day of December, 2014 and was served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/ Thomas E. Brennan
Thomas E. Brennan

3304970v.1

- 15 -

HALLORAN
& SAGE LLP

315 Post Road West
Westport, CT 06880

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195